Christine W. Crouch v. Commissioner.
Crouch v. Commissioner
Docket No. 4840-63.
United States Tax Court
T.C. Memo 1965-193; 1965 Tax Ct. Memo LEXIS 138; 24 T.C.M. (CCH) 998; T.C.M. (RIA) 65193; July 15, 1965
Allan E. Rappleyea, for the petitioner. Eugene Parker, for the respondent. FAY
Memorandum Opinion FAY, Judge: The Commissioner determined a deficiency in petitioner's income tax for the taxable year 1961 in the amount of $587. The only issue for decision is whether the sum of $2,912 received by petitioner from her former husband during the year in issue should be included in her income as alimony. All of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner is an individual residing in Pine Plains, New York. She filed her Federal income tax return for the year 1961 with the district director of internal revenue at Albany, New York. *139 Petitioner and Donald Crouch were married on February 12, 1943. There are four children as a result of this marriage; Pamela, Robin, Meredith, and Jennifer, who on May 8, 1954, were ages 8, 7, 5 and 2, respectively. On May 8, 1954, petitioner and Donald entered into an agreement designated "Articles of Separation" (hereinafter referred to as the separation agreement). The pertinent provisions thereof, applicable to the issue involved herein, are as follows: 9. The Husband agrees to pay the Wife the sum of $58.00 per week for her support and that of the four children, the first payment to be made on the date of this agreement. The Husband agrees to pay the Wife the sum of $600.00 on or before July 1, 1955 for their support. If either party has obtained a decree of absolute divorce from the other by March 1, 1956, the Husband agrees to pay the Wife the sum of $600.00 for their support on or before July 1, 1956 and on or before July 1st of every year thereafter. 10. If the Wife remarries, all the payments provided in Paragraph 9 shall be reduced by one-fifth of the amounts provided in said paragraph. If any child shall die before reaching the age of sixteen, all said payments *140 shall be reduced by a similar one-fifth. When each child reaches the age of sixteen, all said payments shall be reduced by a similar one-fifth. If the Husband obtains legal custody of any child before she reaches the age of sixteen, all said payments shall be reduced by a similar one-fifth. * * *
13. It is further agreed by and between the parties hereto that in the event any matrimonial action is commenced between the parties hereto, such judgment as shall be made and entered in said action shall incorporate the terms and agreements set forth in this instrument, or so much thereof as is satisfactory to the Court, and shall have the same force and effect as if the issues herein had been tried before the Court and Jury. * * *
On January 2, 1957, petitioner and Donald were divorced. The divorce decree did not mention the separation agreement, nor did it provide for the payment of alimony. During the taxable year 1961, petitioner received the sum of $2,912 from Donald under the separation agreement entered into on May 8, 1954. Petitioner included in income for the taxable year 1961 the sum of $603.20 as alimony payments. The separation agreement entered into between Donald *141 and petitioner was incident to the divorce between them. No part of the amounts paid by Donald to petitioner during the taxable year 1961, pursuant to the separation agreement, was fixed in terms of an amount of money or a part of the payment as a sum payable for the support of minor children. Respondent takes the position that the entire amount received by petitioner from her former husband during 1961 should be included in her income under section 71(a)(1). [1] Petitioner did not file any briefs in this proceeding so we are not entirely sure of her position. However, regardless of the argument petitioner could have made, we are of the opinion that the case of , is controlling here, requiring a decision for respondent on this issue. There is no doubt that on the facts of this case the payments to petitioner were made pursuant to a written separation agreement incident to a divorce. ; section 71(a)(1). Therefore, the payments are includable in the gross income *142 of petitioner unless a part of said payments qualifies as being for the support of her children under section 71(b). However, in view of the recent Supreme Court case of , we conclude that under the provisions of the separation agreement here involved, no part of the payments qualifies as being for the support of petitioner's minor children in that the amount for said children is not "fixed" in the agreement. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954.↩